**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIFFANY HIGGS,
       Plaintiff,                  CIVIL ACTION NO. 08-CV-11634

    vs.                           DISTRICT JUDGE SEAN F. COX
                                   MAGISTRATE JUDGE MONA K. MAJZOUB

DOUG ANDRUS
DISTRIBUTING, LLC.,
et al.,
       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS; OR ALTERNATIVELY PRECLUDE PLEADINGS OR ENTER DEFAULT WITH SANCTIONS AGAINST DEFENDANTS FOR FAILING TO MAKE DISCOVERY (DOCKET NO. 32)**

This matter is before the Court on Plaintiff's Motion To Compel Answers To Interrogatories And Request For Production Of Documents And Tangible Things; Or Alternatively Preclude Pleadings Or Enter Default With Sanctions Against Defendants For Failing To Make Discovery filed on April 16, 2009. (Docket no. 32). Defendants filed a Response To Plaintiff's Motion To Compel on May 1, 2009. (Docket no. 36). Plaintiff filed a Resolved/Unresolved Discovery Chart on may 11, 2009. (Docket no. 37). Defendants filed a Response And Objection To Plaintiff's Resolved/Unresolved Discovery Chart on May 15, 2009. (Docket no. 39). The Court heard oral argument from counsel on May 18, 2009. At the hearing Defendants made a Motion For Leave To File A Supplemental Pleading in response to Plaintiff's Resolved Unresolved Discovery Chart. The motion was referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 34). The matter is ready for ruling.

Plaintiff's claims arise from a truck collision which occurred in April 2006 on an interstate in Hammond, Indiana. Defendants are an owner and driver of the truck involved in the collision. (Docket no. 5). Plaintiff alleges that she suffered injuries as a result of Defendants' actions. The parties' counsel confirmed at the hearing that Defendants have admitted liability.

## I.     Defendants' Motion For Leave To File Supplemental Pleading

The parties were ordered to filed a Joint Statement of Resolved and Unresolved Issues on May 11, 2009. (Docket no. 35). The parties did not comply and disagree as to why. Plaintiff filed a Resolved/Unresolved Discovery Chart on May 11, 2009. (Docket no. 37). Defendants filed a Response And Objections To Plaintiff's Resolved/Unresolved Discovery Chart ("Responses and Objections") on May 15, 2009. (Docket no. 39). At the hearing, Defendants moved for leave to file the supplemental Response and Objections. Plaintiff does not object to Defendants' motion. The Court will grant Defendants' Motion for Leave To File as to the Responses and Objections. Fed. R. Civ. P. 15(d).

## II.    Plaintiff's Motion to Compel (Docket no. 32)

Plaintiff personally served a First Set of Interrogatories, Request for Production and Request for Admission on Defendants on January 27, 2009. (Docket no. 32). Defendants' responses were due on February 26, 2009. As of Plaintiff's April 16, 2009 Motion to Compel, Defendants had not yet served responses to Plaintiff's Interrogatories and Requests for Production. (Docket no. 32). On May 1, 2009 Defendants filed a Response to Plaintiff's Motion To Compel and served their answers and responses to the First Interrogatories and First Request to Produce via first-class mail. (Docket no. 36).

At the hearing, Plaintiff withdrew her Motion to Compel as to Interrogatory Nos. 5, 9, 12, and 7 (directed to Defendant Criddle) because Defendants have admitted liability therefore the Interrogatories are not relevant.  Plaintiff's counsel withdrew Interrogatory No. 15 and Request for Production No. 10 because the interrogatory and request asked for "signed statements" or "recorded statements," which Defendants confirmed they do not have.  Plaintiff objected to Defendants answer and production to Interrogatory No. 15 and Request for Production No. 10 because Defendants did not produce "notes," although "notes" were not the subject of Plaintiff's discovery requests.  The remaining issues are Defendants' unsigned answers to interrogatories, Request for Production No. 2, Interrogatory Nos. 2, 3, 11, 13, and 14 and Plaintiff's request for sanctions.

Defendants' Response To Plaintiff's First Set Of Interrogatories is signed by Defendants' attorney, but not Defendants.  Therefore, Defendants' answers do not comply with Rule 33. Fed. R. Civ. P. 33(b)(3), (5).  The Court will order Defendants to provide signed answers to Plaintiff's interrogatories.

Request for Production No. 2 asks for "[a]ny and all records, reports, writings, computer records or files concerning: the driver of the truck, the maintenance history of the truck, any repairs made to the truck (in the past 7 years), prior incidents involving the truck, safety rules or operating procedures for the truck, truck driver safety, or procedures to follow when a driver is in an accident."  Defendants object that the request was "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence," and pointed out that they have already admitted liability for the accident and stated that they no longer own the subject truck.  At the hearing the parties agreed that Defendant will produce these documents to the extent they relate to the truck's braking system or will amend their response to state that they have no further responsive

documents relating to the braking system in their possession, custody or control. Fed. R. Civ. P. 34(a)(1). The Court will so order.

Interrogatory No. 2 asks for the annual revenue of Defendant's business. Defendants argue that Interrogatory No. 2 is not relevant because punitive damages are not allowed and were not sought. Plaintiff at the hearing argued that Indiana law applies in the case and that punitive damages may be available. Plaintiff provided no legal support for these allegations and those issues are not before the Court in this motion. The Court will deny Plaintiff's Motion to Compel with respect to Interrogatory No. 2 without prejudice at this time because Plaintiff has not shown that the information is relevant and has provided no legal authority for her allegation that Indiana law applies, punitive damages are available and that annual revenue is relevant to such a determination.

Interrogatory No. 3 asks Defendants to "[l]ist any and all violations of law in any jurisdiction (including statutes, regulations or ordinances) involving any Defendant or any affiliate, parent, or subsidiary of Defendant identified in Interrogatory #2 in the past 10 years, including but not limited to any and all violations arising out of this Complaint. . . ." Defendants argue that Interrogatory No. 3 is not relevant because they have already admitted liability. Defendants in their answer to Interrogatory No. 3 object that it is overly broad, unduly burdensome and not reasonably calculated to lead to the disclosure of admissible evidence. The Court will deny Plaintiff's Motion to Compel as to Interrogatory No. 3 because it is overly broad and not limited to relevant information or information reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Interrogatory No. 11 asks Defendants to provide names and contact information for "any and all personal injury and worker compensation claimants for personal injury where no suit was brought

-4-

against Defendant within last (sic) 10 years and state the outcome of each claim." The request is overly broad, not limited to relevant material and not reasonably calculated to lead to the discovery of admissible evidence (even if the Court were to assume, without Plaintiff providing legal support for this argument, that this case were proceeding under Indiana law and punitive damages were available). The Court will deny Plaintiff's Motion to Compel as to Interrogatory No. 11.

Interrogatory No. 13 asks Defendants to "[d]escribe the truck in detail including make, model, year of manufacture, . . . ." Plaintiff argues that Defendants failed to provide a sufficient model number with which Plaintiff can conduct further investigation. Plaintiff's counsel at the hearing argued that this information is relevant to determining the weight of the vehicle and unresolved issues relating to the extent of Plaintiff's injuries resulting from impact. The Court will order Defendants to provide the model number for the vehicle or amend their answer to state that they do not have the model number available to them.

Interrogatory No. 14 asks Defendants to state "the empty weight of the tractor trailer combination, the weight of any cargo (or contents) carried on the tractor/trailer, . . . ." Plaintiff argues that Defendants' response that the trailer was empty does not provide the weight of the empty tractor trailer combination. Interrogatory No. 14 is subject to the same analysis as Interrogatory No. 13 and the Court will order Defendants to provide the weight of the empty tractor/trailer or amend their answer to state that they do not have this information.

Finally, Plaintiff asks for sanctions including attorneys fees and costs under Fed. R. Civ. P. 37. Plaintiff's counsel alleges having spent 25 hours preparing Plaintiff's Motion to Compel and two hours preparing the Resolved/Unresolved Discovery Chart. (Docket no. 37). Plaintiff's counsel stated at the hearing that her rate is $200 per hour, it took her twenty-five hours to draft the motion

to compel and brief because this is her first case in federal court and she had to do supporting research, and she typed the pleadings. Plaintiff first filed a Motion to Compel on March 19, 2009, which was stricken from the docket for failure to comply with E.D.Mich. LR 7.1. (Docket nos. 23, 31). Plaintiff's counsel stated at trial that this first motion and the research related to her failure to comply with the Local Rules is included in the twenty-five hour total. The Court need not reach the issue of whether Plaintiff's hourly rate and time spent on the Motion to Compel are reasonable because the Court declines to award attorneys fees and costs. *See Miller v. Alldata Corp.*, 14 Fed. App'x 457, 468 (6th Cir. 2001). As set forth herein and in more detail on the record at the hearing, there remain questions about the communication attempts between the parties with respect to both discovery and the Court's order requiring the filing of a Joint Statement of Resolved and Unresolved Issues. (Docket no. 35). E.D.Mich. LR 37.1. Furthermore, as set forth herein, Plaintiff has withdrawn several discovery requests and of the remaining requests, several more far exceed the scope of discovery and are not limited to relevant material. The Court will deny Plaintiff's request for costs and attorneys fees. Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), (iii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 32) is **GRANTED** in part and that on or before June 2, 2009 Defendants will provide signed answers to Plaintiff's interrogatories in compliance with Fed. R. Civ. P. 33, produce documents in response to Request for Production No. 2 relating to the braking system or amend their response to state that they have no further responsive documents in their possession, custody or control relating to the braking system, amend their answer to Interrogatory No. 13 to provide the model number for the truck or state that they do not have the model number, and amend their answer to Interrogatory No. 14 to provide the weight of the empty tractor/trailer or state that they do not have this information.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Motion to Compel (docket no. 32) is **DENIED** including the Motion to Compel as to Interrogatory Nos. 2, 3, 11 and 15 and Plaintiff's request for sanctions including attorneys fees and costs. Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), (iii).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 22, 2009                s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 22, 2009                s/ Lisa C. Bartlett
                                   Courtroom Deputy